## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **BRADD S. ATKINSON**<br>**3917 Glenville Road**<br>**Glenville, PA  17329,** | : |
| | :    **Civil Action No.** |
| | : |
|             **Plaintiff** | : |
| | :    **JURY TRIAL DEMANDED** |
|        **v.** | : |
| | : |
| **ANTHONY BATTS, DEBORAH MOORE-**<br>**CARTER, THE BALTIMORE CITY POLICE**<br>**DEPARTMENT, THE MAYOR OF**<br>**BALTIMORE, AND THE CITY COUNCIL**<br>**OF BALTIMORE**<br>**242 W. 29ᵗʰ Street**<br>**Baltimore, MD  21211,** | : |

**SERVE ON:**
George Nilson, Esquire
City Solicitor, Department of Law
City Hall
100 N. Holliday Street, Suite 101
Baltimore, MD 21202

           **Defendant**

## COMPLAINT

### I.   INTRODUCTION

1.   This action seeks redress for violations of rights guaranteed under Title I under the Americans with Disabilities Act of 1990 (ADA), as codified, 42 U.S.C. Section 12101 et. seq.

### II.   JURISDICTION

2.   The Plaintiff, Bradd S. Atkinson, (hereinafter referred to as "Atkinson") invokes the jurisdiction of this court pursuant to the ADA, as codified at 42 U.S.C. Section 12101 et. seq.

3.      Atkinson timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  The charge was then referred to the United States Department of Justice – Civil Rights Division.

4.      The Department of Justice issued Atkinson a Right-To-Sue letter, dated and mailed to him on August 31, 2012.  The same is attached hereto as Exhibit A.

5.      Atkinson has complied with all the jurisdictional and administrative prerequisites to this action.

## III.   VENUE

6.      Venue is proper within the United States District Court for the District of Maryland pursuant to 28 U.S.C. Section 1390 and the ADA because for purposes of venue the Defendant resides in this District.

## IV.   JURY DEMAND

7.      Atkinson demands that any and/or all issues in this case be tried by a jury in accordance with the Seventh Amendment to the United States Constitution, Rule 38(b) of the Federal Rules of Civil Procedure and the ADA.

## V.   PARTIES

8.      Atkinson is an adult male who resides at 3917 Glenville Road, Glenville, Pennsylvania 17329.

9.      Defendant, Anthony Batts, who is being sued in his official capacity, is the Acting Commissioner of the Baltimore City Police Department and is a municipal official, and has control, supervisory authority and decision-making authority over the policies and conditions of the Plaintiff's employment.

2

10.    Defendant, Deborah Moore-Carter, who is being sued in her official capacity, is the Labor Commissioner of Baltimore City, and is a municipal official, and has control and authority over the policies and conditions of the Plaintiff's employment.

11.    The Defendant, Baltimore City Police Department (hereinafter referred to as "BPD"), is a municipal agency under the control of The Mayor and City Council of Baltimore. BPD is subject to the control, direction, and supervision of the Acting Commissioner, with the advice of the Labor Commissioner.

12.    Defendant, The Mayor and City Council of Baltimore, is a corporate body responsible for the acts of its municipal agencies and officials, including the acts of BPD and the Labor Commission, and the Acting Commissioner, Anthony Batts, and Labor Commissioner, Deborah Moore-Carter.

13.    At all times relevant to this Complaint, BPD employed twenty (20) or more employees.

## VI.    FACTUAL ALLEGATIONS

14.    Atkinson incorporates by reference all of the allegations contained in Paragraphs 1 through 10 above.

15.    Atkinson was formally employed as a police officer for Baltimore County Police Department.

16.    In 1998, Atkinson suffered a low back injury and he was forced to apply for disability retirement, which was approved by the Baltimore County Police Department in November 2000.

17.    Over the next nine (9) years, Atkinson's health improved and he once again wanted to begin work as a police officer.

18.    In July 2009, Atkinson began the process of applying for a position as a police officer for the BPD.

3

19.    Atkinson took the civil service test in July 2009.

20.    Atkinson submitted his background packet to the BPD on July 16, 2009.

21.    Atkinson then passed a physical agility test administered by the BPD during the first week of August 2009.

22.    Atkinson submitted to a 5-6 hour written psychological test administered by the BPD in August 2009.  At the end of the examination, a representative of the BPD gave him a written conditional offer of employment indicating that he would be employed as a police officer for BPD on the condition that he passed a medical test, polygraph, and an oral psychological test.

23.    A health care provider for Mercy Medical Center examined Atkinson on September 10, 2009 for the BPD and cleared him to work as a police officer for BPD.

24.    In approximately mid-September 2009, Atkinson submitted to the polygraph test and oral psychological test on the same day.  He passed both tests.

25.    On October 1, 2009, Detectives Murrill and Rosser of the BPD visited Atkinson at his home for a final interview.  At the conclusion of the interview, Detectives Murrill and Rosser told Atkinson that he was hired as a police officer for the BPD.

26.    On October 5, 2009, Detective Rosser contacted Atkinson and asked him to come to the police department to provide three statements that included:

1.    An explanation concerning Atkinson's 1998 injury;

2.    The reason why Atkinson was no longer working for the Baltimore County Police Department; and

3.    An explanation concerning a 1997 misconduct charge while Atkinson was working for the Baltimore County Police Department.

4

27.     Atkinson met with Detective Rosser on October 6, 2009 and provided statements for the three areas of inquiry.  Detective Rosser then told Atkinson that the police department had all the information that it needed and that he should receive a call the next day concerning when to report to the police academy to start his six (6) months of training.

28.     When Atkinson did not receive a telephone call, Atkinson contacted Detective Rosser on October 12, 2009 to inquiry about when to report to the police academy.  Detective Rosser told Atkinson that Atkinson's file had been referred to the BPD legal department for review and that it was out of Rosser's hands.

29.     Atkinson then contacted family friend, Gary McIhinney, a former president of the Fraternal Order of Police for BPD, for assistance.  McIhinney contacted the legal department at BPD who confirmed that they were reviewing Atkinson's application.  A representative of the BPD legal department told McIhinney that Atkinson's prior back problems posed a liability problem for the BPD and that Atkinson may need to sign a waiver.

30.     On October 19, 2009, Mary Patterson of the BPD sent a letter to Atkinson advising him that he would not be offered employment as a police officer trainee.

## COUNT I – Violation of the Americans With Disabilities Act: Regarded as Disabled

31.     Atkinson incorporates by reference all of the allegations contained in Paragraphs 1-27, above.

32.     BPD discriminated against Atkinson when it refused to hire him because BPD regarded Atkinson as disabled.

33.     BPD was operating under a myth, fear, and/or stereo-type concerning Atkinson's perceived condition and/or disabilities.

34.     BPD acted with knowledge, malice, and animus that it was violating the ADA and/or BPD acted with reckless disregard for the law.

35.     As a direct and proximate result of BPD violating the ADA and discriminating against Atkinson, Atkinson has been permanently and irreparably harmed and damaged and has and will continue to lose the benefits of employment such as lost past and future wages, health insurance, and fringe benefits.  He has incurred costs associated with the discrimination unlawfully taken against him. He has suffered damage to his financial welfare, employment prospects, and future earning capacity.

## COUNT II – Violation of the Americans With Disabilities Act: Record of Impairment

36.     Atkinson incorporates by reference all of the allegations contained in Paragraphs 1-32, above.

37.     BPD discriminated against Atkinson when it refused to hire him  because he had a record of impairment as defined by the ADA.

38.     BPD acted with knowledge, malice, and animus that it was violating the ADA and/or BPD acted with reckless disregard for the law.

39.     As a direct and proximate result of BPD violating the ADA and discriminating against Atkinson, Atkinson has been permanently and irreparably harmed and damaged and has and will

continue to lose the benefits of employment such as lost past and future wages, health insurance, and fringe benefits. He has incurred costs associated with the discrimination unlawfully taken against him. He has suffered damage to his financial welfare, employment prospects, and future earning capacity.


WHEREFORE, Atkinson demands that this Court declare the conduct engaged in by the Baltimore Police Department to be in violation of Atkinson's rights under the ADA and award relief as requested under the ADA.


Respectfully submitted,

Morris E. Fischer, Esq.
1400 Spring Street
Suite 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
morris@mfischerlaw.com
*Attorney for Plaintiff, Bradd Atkinson*

Date:   October 23, 2012