IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BRADD S. ATKINSON,

    Plaintiff,

v.                          CIVIL NO.: WDQ-12-3405

ANTHONY BATTS, et al.,

    Defendants.

MEMORANDUM OPINION

Bradd S. Atkinson sued Anthony Batts and the Baltimore City Police Department (the "Department") (collectively, the "defendants")[1] for violation of the Americans with Disabilities Act of 1990, as amended (the "ADA").[2] Pending is the defendants' motion to dismiss the amended complaint.[3] For the following reasons, the motion will be denied.

---

[1] Atkinson also sued Deborah Moore-Carter, The Mayor of Baltimore, and The City Council of Baltimore, but they have been voluntarily dismissed. See ECF No. 12.

[2] 42 U.S.C. §§ 12101 et seq.

[3] Also pending is the defendants' motion to dismiss the original complaint, which will be denied as moot.

I.  Background[4]

In 1998, Atkinson, then a Baltimore County Police Officer "suffered a service[-]related low back injury" and was given a light duty assignment. ECF No. 14 ¶¶ 13-14. "After a period of time," Atkinson was offered several choices: (1) resigning, (2) taking unpaid leave under the Family and Medical Leave Act,[5] or (3) applying for disability retirement. Id. ¶ 15. Atkinson inquired whether, given his medical restrictions, he could be transferred to another position but was told that none was available. Id. ¶ 16. After counsel advised that he should take the disability retirement, Atkinson applied and began to receive disability retirement benefits "in approximately November 2000." Id. ¶¶ 17-18.

"By early July 2009," Atkinson had sufficiently improved "to the point that he believed he could perform the job of a police officer for the Baltimore County Police Department without restriction." Id. ¶ 19. Although he asked the Pension Board to reinstate him, the Pension Board did not act, "effectively denying his request to be reinstated." Id.; see ECF No. 18 (letter).

---

[4] For a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. See Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011).

[5] 29 U.S.C. §§ 2601 et seq.

2

The President of the Fraternal Order of Police told Atkinson that even though the Baltimore County Police Department would not reinstate him, he "was able to apply to any other police department for the position of police officer." *Id.* ¶ 20. In July 2009, Atkinson began his application to the Department, including taking the civil service test, submitting his "background packet," and passing a physical agility test. *Id.* ¶¶ 21-24. After undergoing a written psychological test, a Department representative "gave him a written conditional offer of employment indicating that he would be employed as a police officer for [the Department] on the condition that he passed a medical test, polygraph, and an oral psychological test." *Id.* ¶ 25.

On September 10, 2009, a Mercy Medical Center provider cleared Atkinson for work at the Department. *Id.* ¶ 26. Later that month, Atkinson underwent and passed polygraph and psychological tests. *Id.* ¶ 27. On October 1, 2009, Detectives Murril and Rosser[6] interviewed Atkinson and told him he was hired. *Id.* ¶ 28.

On October 5, 2009, Rosser asked Atkinson to provide statements about (1) his 1998 injury, (2) why he was no longer working at the Baltimore County Police Department, and (3) a 1997 misconduct charge at the Baltimore County Police

---

[6] The detectives' first names are not in the record.

Department. *Id.* ¶ 29. After Atkinson provided the statements, Rosser told him that the department "had all the information that it needed and that he should receive a call the next day concerning when to report to the police academy." *Id.* ¶ 30.

After not receiving a call, on October 12, 2009, Atkinson called Rosser who told him that his "file had been referred to the [Department's] legal department for review." *Id.* ¶ 31. Atkinson contacted Gary McLhinney, a former President of the Fraternal Order of the Police, who contacted the Department's legal department. *Id.* ¶ 32. McLhinney was told that Atkinson's "prior back problems posed a liability problem for the BPD and that Atkinson may need to sign a waiver." *Id.* ¶ 32. On October 19, 2009, Atkinson was informed that he would not be hired. *Id.* ¶ 33.

"Atkinson timely filed a charge of discrimination with the Equal Employment Opportunity Commission"[7] ("EEOC"), and on August 31, 2012, received a right to sue letter. *Id.* ¶¶ 3-4; ECF No. 3 (letter).

On November 20, 2012, Atkinson filed suit. ECF No. 1. On December 22, 2012, the defendants moved to dismiss. ECF No. 7. On January 8, 2013, Atkinson filed an amended complaint. ECF

---

[7] The date is not in the record, but the defendants have not asserted that it was untimely. *Cf.* ECF No. 15-1. The untimeliness of the charge would not deprive the Court of jurisdiction. *See Zipes v. Trans World Airline, Inc.*, 455 U.S. 385, 393 (1982).

4

No. 14. On January 22, 2013, the defendants moved to dismiss the amended complaint. ECF No. 15. On February 1, 2013, Atkinson opposed the motion, ECF No. 16, and on February 19, 2013, the defendants replied, ECF No. 17.

II. Analysis

A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's

5

liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B. The Defendants' Motion

The defendants assert that this case should be dismissed as barred by judicial estoppel. ECF No. 15 at 6-11. Atkinson contends that he is not estopped. ECF No. 16 at 5.

"The doctrine of judicial estoppel prevents a party from adopting a position in a legal proceeding contrary to a position successfully argued in an earlier legal proceeding. The purpose of this doctrine is to protect the integrity of the judicial process." *EEOC v. Greater Balt. Med. Ctr., Inc.*, 769 F. Supp. 2d 843, 849 (D. Md. 2011), *aff'd* 477 F. App'x 68 (4th Cir. 2012). The Supreme Court has applied a variant of this doctrine to ADA claims when the plaintiff has obtained Social Security disability ("SSDI") benefits:

> [A] plaintiff's sworn assertion in an application for disability benefits that she is, for example, "unable to work" will appear to negate an essential element of her ADA case--at least if she does not offer a sufficient explanation. For that reason, we hold that an ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim. Rather, she must proffer a sufficient explanation.

*Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999).

Atkinson does not dispute that he received disability retirement benefits before he applied to the Department. *See* ECF No. 16 at 5. Instead, he contends that *Cleveland* estoppel is inappropriate because (1) it assumes facts not in the record, and (2) he sought reinstatement from the Pension Board. *Id.* at 5.

Atkinson correctly asserts that the requirements for disability retirement from the Baltimore County Police Department are not in the record. *See id.* at 5. In *Cleveland* and other SSDI cases, the requirements for the disability payments are found in the Code of Federal Regulations and other administrative materials. *See Cleveland*, 526 U.S. at 804. Further, the Supreme Court has expressly held that there is no "negative presumption" of a conflict when there are potentially conflicting SSDI and ADA claims, and there is no reason to infer

one here. *See id.* at 802. Accordingly, summary judgment, and not a motion to dismiss, is the proper time to test estoppel.[8]

Even if Atkinson were held to the *Cleveland* standard on his motion to dismiss, he has pled an explanation. He requested reinstatement to his Baltimore County position, indicating his recovery from his disability. *See* ECF No. 18. This provides an explanation that may be used to defeat estoppel. *Cf. Greater Balt. Med. Ctr.*, 447 F. App'x at 75-76 (holding that plaintiff should have reported change in condition to the Social Security Administration). Because Atkinson has plausibly pled a claim for relief, the motion to dismiss will be denied. The defendants may assert their estoppel defense in a summary judgment motion.

---

[8] *See Cleveland*, 526 U.S. at 798 ("To survive a defendant's motion for summary judgment, [the plaintiff] must explain why that SSDI contention is consistent with her ADA claim."); *Greater Balt. Med. Ctr.*, 477 F. App'x at 73 (describing factually intensive inquiry under *Cleveland* and use of summary judgment); *see also Amerson v. Clark Cnty.*, No. 11-17521, 2013 WL 2099221 (9th Cir. May 16, 2013) (reversing district court's grant of judgment on the pleadings under *Cleveland* because the plaintiff did not have an opportunity to explain inconsistency); *Harper v. N.Y.C. Hous. Auth.*, 673 F. Supp. 2d 174 (S.D.N.Y. 2009) (holding that plaintiff needed to establish explanation under *Cleveland* on a motion to dismiss); *Chinchillo v. Powell*, 236 F. Supp. 2d 18 (D.D.C. 2003) (court had previously denied motion to dismiss under *Cleveland* "on the ground that it asked the Court to rule on issues of fact properly raised only in a motion for summary judgment or at trial").

8

III. Conclusion

For the reasons stated above, the defendants' motion to dismiss will be denied.

_7/23/13_
Date

_/s/ signature_
William D. Quarles, Jr.
United States District Judge